UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | | |
|---|---|---|---|
| ZACHARY BLUESTEIN, Individually and on behalf of the ESTATE OF JENNY BLUESTEIN, et al., | ) ) ) ) | | |
| Plaintiffs, | ) ) | | |
| v. | ) ) | No. | 4:14CV00973 ERW |
| FRESENIUS MEDICAL CARE NORTH AMERICA, INC., et al., | ) ) ) ) | | |
| Defendants. | ) | | |

**MEMORANDUM AND ORDER OF REMAND**

This matter comes before the Court on "Fresenius USA, Inc., Fresenius Medical Care Holdings, Inc., Fresenius USA Manufacturing, Inc., Fresenius USA Marketing Inc., and Fresenius USA Sales, Inc.'s Motion to Sever" [ECF No. 13], "Fresenius USA, Inc., Fresenius Medical Care Holdings, Inc., Fresenius USA Manufacturing, Inc., Fresenius USA Marketing Inc., and Fresenius USA Sales, Inc.'s Motion to Stay" [ECF No. 15], Plaintiffs' "Motion to Remand" [ECF No. 21], and Plaintiffs' "Motion to Expedite Briefing and Ruling on Motion to Remand" [ECF No. 23].

## I. BACKGROUND

On April 15, 2014, 91 plaintiffs from 31 different states commenced this action against Fresenius USA, Inc., Fresenius Medical Care Holdings, Inc., Fresenius USA Manufacturing, Inc., Fresenius USA Marketing Inc., and Fresenius USA Sales, Inc. (collectively referred to as "Fresenius") in the Circuit Court of the City of St. Louis, Missouri, alleging injuries caused by the use of Defendants' GranuFlo or NaturaLyte products during hemodialysis [ECF Nos. 1, 1-1].

GranuFlo is a dry-acid concentrate that provides patients with electrolytes and the pH balance normally provided by the kidneys. GranuFlo products are marketed under the trade name "NaturaLyte GranuFlo Dry Acid Concentrate."

Fresenius filed a Notice of Removal on May 23, 2014, removing the state-court action to this Court on the basis of diversity under 28 U.S.C. § 1332 [ECF No. 1]. Thereafter, Fresenius filed its Motion to Sever [ECF No. 13], Motion to Stay [ECF No. 15], and Answer and Affirmative Defenses [ECF No. 17]. In its Motion to Stay, Fresenius moves the Court to stay all proceedings in this action pending likely transfer to the multidistrict litigation proceeding, *In re Fresenius Granuflo/Naturalyte Dialysate Products Liab. Liti.* (MDL) No. 2428 [ECF No. 15].

Plaintiffs then filed a Motion to Remand, and a Motion to Expedite Briefing and Ruling on Motion to Remand [ECF Nos. 21, 23]. Plaintiffs seek remand, contending this Court lacks subject matter jurisdiction over this dispute because one plaintiff, and all removing defendants share Massachusetts citizenship [ECF No. 22]. They claim "[d]iversity is further destroyed as Plaintiff Quanisha Smith is a citizen of the State of New York and Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America is incorporated under the laws of New York and is therefore a citizen of New York" [ECF No. 29 at 3]. Defendants filed their Response in Opposition to the Motion to Expedite on June 12, 2014 [ECF No. 25], and Plaintiffs filed their Response in Opposition to the Motion to Sever [ECF No. 27], and Response to the Motion to Stay [ECF No. 28] on June 18, 2014. On June 20, 2014, Plaintiffs filed their Reply in Support of Motion to Remand [ECF No. 29].

## II. DISCUSSION

Defendants claim a stay of proceedings is necessary and appropriate to achieve the judicial economies underlying 28 U.S.C. § 1407, because "[t]he allegations in this case are patterned on

the same allegations as more than 1600 other lawsuits currently pending in the Multi-District Litigation in the District of Massachusetts, and this case belongs in that forum" [ECF No. 16 at 1]. Defendants contend staying all proceedings pending transfer of this action to the MDL would ensure the MDL's goal of coordinating discovery and pretrial proceedings in these cases. Defendants claim Plaintiffs filed this action in the Circuit Court for St. Louis City "in a transparent attempt to circumvent the MDL[,]" and to establish a rival forum in St. Louis City. They contend "Plaintiff's attempt to thwart the MDL threatens the integrity of the MDL system, is immensely burdensome to Missouri courts and taxpayers, as well as Fresenius, and should not be countenanced."

On June 6, 2014, Judge John G. Heyburn II, Chairman, Panel on Multidistrict Litigation, issued a letter to this Court as Transferor. Judge Heyburn indicated the Panel would, at its bimonthly hearing session, consider a Notice of Opposition to a Conditional Transfer Order filed in this litigation. In the interim, however, Judge Heyburn emphasized this Court's jurisdiction continues until the transfer question is decided, and he encouraged the Court to rule on any pending motions, particularly where they involve issues unlikely to arise in the MDL, as early resolution might be in the interest of the involved courts and parties.

The Court declines Defendants' stay request, finding remand is required. Here, the issue concerns the Court's subject matter jurisdiction. "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liability Litg.*, 591 F.3d 613, 619 (8th Cir. 2010) (citation omitted). Diversity jurisdiction requires the amount in controversy to be greater than $75,000, and the existence of complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro*,

591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

In its opposition to Plaintiffs' Motion to Remand, Fresenius contends all of the plaintiffs' claims are improperly joined under Federal Rule of Civil Procedure 20 and should be severed because they are fraudulently misjoined, claiming: "This case is part of an aggressive campaign by hundreds of plaintiffs to circumvent the MDL and establish the City of St. Louis as a rival forum by manipulating the rules of joinder, venue, and jurisdiction" [ECF No. 25]. As noted by United States District Judge Rodney W. Sippel in an May 29, 2014 Memorandum and Order of Remand involving Fresenius and other GranuFlo plaintiffs, the Eighth Circuit has not yet determined whether fraudulent misjoinder is a valid basis for removal. *See Weaver, et al., v. Fresenius Medical Care N. Amer., Inc.,* No. 4;14CV00959 RWS, slip op. at 4 (E.D. Mo. May 29, 2014) (memorandum and order of remand); *In re Prempro*, 591 F.3d at 620-22. In *Prempro*, the Eighth Circuit considered the defendants' argument that the plaintiffs' claims were fraudulently misjoined because they did not arise out of the same transaction action or occurrence as required by Federal Rule Civil Procedure 20(a), but the Court declined to either adopt or reject the fraudulent misjoinder doctrine. *Prempro,* 591 F.3d at 618-22. The Eighth Circuit concluded the *Prempro* plaintiffs' claims, having arose from a series of transactions involving manufacturers of hormone replacement therapy drugs, shared a "real connection," because common questions of law and fact, particularly as to the issue of causation, were likely to arise during the course of litigation. *Id.* at 623.

When he considered the applicability of *Prempro* in his recently issued *Weaver* determination, addressing almost identical fraudulent misjoinder arguments by Fresenius, Judge Sippel opined:

> Similarly, in this case, there is no need to express an opinion on the validity of the fraudulent misjoinder doctrine because defendants have failed to demonstrate that the joinder of New York and Delaware citizens with other plaintiffs in this action "is so egregious and grossly improper . . . that plaintiffs' misjoinder borders on a 'sham' . . .."

*Weaver*, slip op. at 5. Because common issues of law and fact also connect plaintiffs' claims here, this Court joins other judges from this district in finding the joinder of the Massachusetts plaintiffs alleging injury caused by the same drug, and arising out of the same development, marketing, and sales practices, is not "egregious." *See, e.g., Spiller v. Fresenius Medical Care N. Am., Inc.*, No. 4:13CV2538 HEA, 2014 WL 294430 (E.D. Mo. Jan. 27, 2014); *Aday v. Fresenius Care N. Am.*, No. 4:1`3CV2462 CEJ, 2014 WL 169634 (E.D. Mo. Jan. 15, 2014); *Woodside v. Fresenius Medical Care N. Am., Inc.*, No. 4:13CV2463 CEJ, 2014 WL 169637 E.D. Mo. Jan. 15, 2014); *Agnew v. Fresenius Medical Care N. Am., Inc.*, No. 4:13CV2468 TCM, 2014 WL 82195 (E.D. Mo. Jan. 9, 2014). The Court further finds Fresenius has not shown sufficient evidence that Plaintiffs acted with bad faith intent to thwart removal.

The Court finds Plaintiffs' claims are sufficiently related to support joinder, and Fresenius has not met its burden of demonstrating diversity jurisdiction under 28 U.S.C. § 1332. The Court will deny Fresenius's request to sever. Lacking subject-matter jurisdiction over this matter, the Court will grant the motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that "Fresenius USA, Inc., Fresenius Medical Care Holdings, Inc., Fresenius USA Manufacturing, Inc., Fresenius USA Marketing Inc., and Fresenius USA Sales, Inc.'s Motion to Sever" [ECF No. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that "Fresenius USA, Inc., Fresenius Medical Care Holdings, Inc., Fresenius USA Manufacturing, Inc., Fresenius USA Marketing Inc., and

Fresenius USA Sales, Inc.'s Motion to Stay" [ECF No. 15] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Remand" [ECF No. 21] is **GRANTED**.

**IT IS FURTHER ORDERED** that "Plaintiffs' Motion to Expedite Briefing and Ruling on Motion to Remand" [ECF No. 23] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri, from which it was removed.

So Ordered this 26th day of June, 2014.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**